UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddie McEachern, Jr., | ) | C/A No. 4:14-1234-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| James Gray, Jr.; | ) | |
| City of Marion; | ) | |
| S.C. Dept. of Social Services; | ) | |
| S.C. Dept. of Education; | ) | |
| S.C. Dept. of Judicial Review; | ) | |
| S.C. Residential Builders Commission; | ) | |
| S.C. Election Commission; | ) | |
| Marion County, and | ) | |
| Sheriff Mark Richardson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This civil case, filed pro se by Plaintiff Freddie McEachern, Jr. on April 3, 2014, is before the undersigned United States Magistrate Judge for a service-of-process status review.

By Orders dated May 14, 2014 and May 29, 2014, Plaintiff was instructed that it was his obligation to effect service of process on Defendants, and that, under Federal Rule of Civil Procedure Rule 4(m), he should do so within 120 days of the day the Complaint was filed. ECF Nos. 14, 22. Plaintiff was specifically warned that if he did not effect service on Defendants within the Rule 4(m) period, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against [any unserved defendant] or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." ECF Nos. 14 at 2, 22 at 2.

Review of the docket discloses no further action by Plaintiff in this case in the three months since the most recent Order directing service was issued. Specifically, the docket discloses that no affidavit of proof of service has been filed by Plaintiff as required under Federal Rule of Civil Procedure 4(l).[1] Nothing on the docket indicates that either of the court's Orders regarding service mailed to Plaintiff was returned to the court as undeliverable. Thus it is presumed that Plaintiff received the Orders. It appears, then, that Plaintiff has failed to comply with the court's directions that he serve each Defendant with the summons for that Defendant and with the Complaint. As a result, the court must consider whether this case should be dismissed without prejudice under Rule 4(m). Unless Plaintiff can provide a statement of good cause for his

---

[1] More than 120 days has elapsed since May 29, 2014, the date on which the court's latest order permitting service was issued.

failure to timely effect service on any of the Defendants named in this case, the court will recommend dismissal without prejudice of this matter.

**No later than October 14, 2014**, Plaintiff is to respond to this Order showing good cause to the court for his failure to effect service on Defendants in a timely manner and requesting an extension of time in which to effect process. Alternatively, if Plaintiff does not intend to pursue this case, he may request voluntary dismissal under Federal Rule of Civil Procedure 41 within the same time frame. Plaintiff's response should contain the case number listed above and should be mailed to the **Office of the Clerk of Court, Post Office Box 2317, Florence, South Carolina 29503**.

If Plaintiff does not respond to this Order within the time permitted, the undersigned will recommend that this case be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

October 3, 2014                                            Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

2