UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddie McEachern Jr., | ) | |
| | ) | Civil Action No. 4:14-cv-01234-BHH-KDW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| James Gray Jr., City of Marion, SC Dept. | ) | |
| of Social Services, SC Dept. of Education, | ) | |
| SC Dept. of Judicial Review, SC | ) | |
| Residential Builder Comm., SC Election | ) | |
| Comm., Marion County, and Sheriff Mark | ) | |
| Richardson, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Freddie McEachern Jr., ("Plaintiff") appearing pro se, filed this 42 U.S.C. § 1983 action alleging several claims against Defendants. This matter is before the court on Defendant Sheriff Mark Richardson, Marion County, S.C. Department of Social Services, S.C. Department of Education, S.C. Department of Judicial Review, S.C. Residential Builders Commission, and S.C. Election Commission's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 50. Defendants James Gray and the City of Marion filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6) or, alternatively, a Motion for a More Definite Statement on November 17, 2014. ECF No. 54. Defendant South Carolina Residential Builders Commission filed a Motion to Dismiss pursuant to Rule 12(b)(6) on November 24, 2014. ECF No. 58. Plaintiff responded to the first two dispositive motions on December 17, 2014, ECF No. 66, and those Defendants replied. *See* ECF Nos. 74, 76. However, it does not appear that Plaintiff has responded to Defendant South Carolina Residential Builders

Commission's Motion.[1] On March 3, 2015, Defendants James Gray and the City of Marion filed an amended Motion to Dismiss for failure to state a claim, ECF No. 83, and Plaintiff filed a Response to the Motion on April 6, 2015. ECF No. 87. These matters are now ripe for review. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. Because these Motions are dispositive, a Report and Recommendation is entered for the court's review.

I.      Background

In his Complaint, Plaintiff makes several general complaints about government operations in the County and City of Marion. ECF No. 1-1. First, Plaintiff alleges gross negligence against the City of Marion's Chief of Police and the Marion County Sheriff's Department and its agents for the "unwanted and willful acts of retaliation for [his] whistle blower acts." *Id.* Plaintiff alleges that his whistleblower acts include the "illegal drug, arson, robbery and illegal gambling allowed going on, which included the surrounding counties, being supplied by citizens from this county and the City of Marion." *Id.* Plaintiff alleges that gambling devices were confiscated and later "just given back, so that the machines could be use[d] in other counties or gambling houses [or] business[es] within Marion County." *Id.* Plaintiff alleges that he "spoke of arson that wasn't investigated or robberies of the gambling houses, up to include murder." *Id.*

Plaintiff also maintains a cause of action for gross negligence against James Gray who he alleges "falsified document[s] of the South Carolina Criminal Justice Academy. With intent to defamation libel (sic)[,] slander [his] name, to stop [Plaintiff] from getting a job." *Id.* at 2.

---

[1] Defendant South Carolina Residential Builders Commission is also included as a movant in the first Motion for Summary Judgment, ECF No. 50.

Plaintiff maintains these actions have caused emotional distress to him and his family. *Id.* Plaintiff then maintains: "Allowing gross negligence, not to provide equal protection of law to citizens, within Chief James Gray jurisdiction, and not to be treated indifferent than any other citizen. This was done outside of the color of law, sometimes using national security administration techniques, treating my family like terrorists." *Id.*

In section II of his Complaint, Plaintiff recites what he believes to be duties under local, state, and United States law without specifying who breached these alleged duties. *Id.* In section III of his Complaint, Plaintiff alleges that that certain "South Carolina Departments" were allowed to operate outside the color of law with "negligence by employees to include the South Carolina Department of Social Services, South Carolina Public School System, South Carolina Election Commission, and the South Carolina Judicial System." *Id.* at 3. Plaintiff maintains that this "was done systematically to gain strategy to entrap citizens, or the further gain access to monies from allowing the criminal racketeering of drugs, gambling, robbery, and to include murder." *Id.* Plaintiff alleges that this activity occurred throughout Marion County and that "whenever the South Carolina Law Enforcement Division would hit the surrounding counties the Sheriff Mark Richardson would confiscate some of the gambling machines and when it cooled down he and Chief James Gray would just give them back." *Id.* Additionally Plaintiff maintains that Sheriff's deputies put down evidence to entrap citizens and illegally profiled citizens. *Id.* Plaintiff alleges that these actions continued "until the Federal Bureau of Investigations took them the last time." *Id.* Plaintiff also maintains that "these same individuals [were] allowed to buy votes in any election [and] these w[ere] judge's children." *Id.*

In this same section of his Complaint Plaintiff discusses  the treatment of African American school children. Plaintiff alleges that teachers repeatedly sent African American

children to the Office for discipline, "and the parents w[ere] not notified of the school['s] action unless the child was suspended." *Id.* at 3-4. Additionally, Plaintiff alleges that if the child was on medication that the child was sent to the office. *Id.* at 4. Plaintiff maintains that these actions occurred after "a school administrator was fired after complaining about how can you have all white children in classes, but have a predominate black children in attendances." *Id.* Plaintiff maintains that he was in charge of "working this school grievance hearing and was on the school's PTO Board." *Id.* Plaintiff represents:

> Some teachers got retaliation by just written black children up and sending them to the office for just anything. And not notifying the children parents by school administrators. All this type of retaliation[2] towards me and my family members, for voicing my concerns of illegal activity in my community. For the better has cost me dearly. The Marion Police Department did not work this case. Stated they never received the phone call from the school, however this was another gross negligent act. Of misconduct.

*Id.*

In section IV Plaintiff then alleges that the City of Marion has a record of not allowing its employees family leave or workers' compensation for injuries sustained in the line of duty. *Id.* at 5. Plaintiff maintains that this had concerned him before when the City of Marion fired Ex-Chief Willie Smith for some health concerns, and "[he has] them too." *Id.*

Plaintiff requests the maximum amount of relief allowed by civil law to include five years of lost salary, and any raises or promotions. *Id.* at 4. Specifically, Plaintiff seeks $500,000.00 plus $250,000.00 in back pay with disability retirement. *Id.* at 5.

II.    Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle

---

[2] Plaintiff does indicate the type of retaliation he allegedly suffered for "voicing [his] concerns of illegal activity in [his] community." ECF No. 1-1 at 4.

him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading

that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the court is mindful that a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

III.    Analysis

Initially, the court notes that Plaintiff attached 11 exhibits to his Complaint. *See* ECF Nos. 1-2 to 1-11. Ordinarily, a court is required to review the face of the complaint and all documents incorporated by reference to the complaint when considering motions to dismiss. *See e.g., Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 550 (D.S.C. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference. . . .")). However, here Plaintiff has done nothing more than simultaneously file 11 exhibits with his Complaint.  Aside from Exhibit 1, he does not mention any other exhibit in the four corners of his Complaint nor does he request that the court incorporate these exhibits into his Complaint. Out of an abundance of caution, the undersigned is addressing Defendants' arguments related to the exhibits Plaintiff filed. However, the undersigned notes that though Plaintiff is appearing pro se, Plaintiff is required to independently articulate causes of action, and "[courts] are not also required to construct the party's legal arguments for him." *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993). Nor should a court "conjure up questions never

squarely presented." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 549 (D.S.C. 2008). Based on Plaintiff's failure to independently articulate causes of action related to the attachments to his Complaint, the court could decline to address Defendants' arguments related to the attachments based on Plaintiff's failure to comply with Rule 8.

A. Government Defendants' 12(b)(6) Motion to Dismiss

1. Injury in Fact

Defendants Sheriff Mark Richardson, Marion County, S.C. Department of Social Services, S.C. Department of Education, S.C. Department of Judicial Review, S.C. Residential Builders Commission, and S.C. Election Commission ("Government Defendants") argue that Plaintiff has failed to allege an "injury in fact" in order to have standing to assert causes of action against Marion County and other state agencies. ECF No. 50-1 at 3. Government Defendants argue that Plaintiff has only raised "a generally available grievance about government." *Id.* at 4. Simply put, Government Defendants maintain that Plaintiff's broad complaints about "bad government" are not enough to survive a Motion to Dismiss. *Id.*

As enumerated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), the Supreme Court has established that the constitutional minimum for standing must contain three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally-protected interest which is concrete and particularized and "actual or imminent." *See e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *see also Warth v. Seldin*, 422 U.S. 490 (1975); *Sierra Club v. Morton*, 405 U.S. 727 (1972). Second, there must be a causal connection between the injury and the challenged conduct—meaning the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not injury that results

from the independent action of some third party not before the court." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* at 38. The party invoking federal jurisdiction bears the burden of establishing these elements. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

The only specific injury Plaintiff alleges to have suffered in his Complaint is that he was unable to get a job as a result of alleged actions taken by Chief James Gray, not one of the Government Defendants. ECF No. 1-1 at 2.  Though Plaintiff maintains that he experienced retaliation after voicing his concerns, he does not indicate what retaliatory injury he suffered. *See id.* at 4. Though Plaintiff seeks damages for lost salary, he does not allege that he suffered the injury of lost wages or a wrongful termination based on Government Defendants' conduct. Therefore, Plaintiff fails to meet the causation prong of the *Lujan* test. 504 U.S. at 574-575. Moreover, as Government Defendants argue, Plaintiff fails to allege that he "suffered an injury any different than that suffered by every other citizen of Marion County." ECF No. 50-1 at 4. Therefore, Plaintiff's causes of action, including gross negligence, fail because Plaintiff's injury is not differentiated from the generalized interest every citizen has in good government. *Bishop v. Bartlett*, 575 F.3d 419, 424 (4th Cir. 2009) ("This type of abstract, generalized interest clearly fails to meet the requirement that an injury be concrete and particularized."). Accordingly, the undersigned recommends granting Government Defendants' Motion to Dismiss on Plaintiff's causes of action against government entities for failure to state a claim upon which relief can be granted.

2.   Failure to State a Sufficient Factual Basis for Claims

Additionally, Government Defendants argue that Plaintiff has failed to articulate enough facts to state a claim against several Government Defendants. ECF No. 50-1 at 4-5. Specifically, Government Defendants maintain that with regards to Defendant South Carolina Residential Builders Commission ("SCRBC"), Plaintiff's statement that he applied for and was granted a license fails to state a claim. *See id.* (citing ECF No. 1-5). Additionally, Government Defendants argue that Plaintiff has failed to state a claim against the South Carolina Election Commission ("SCEC") by indicating only that the Marion County Elections Commission ("MCEC") gave him incorrect information. *Id.* at 5. Further, Government Defendants contend that Plaintiff's allegation that he was given incorrect information concerning filing his Economic Interests Statement by an employee of the MCEC, even if true, would not create a cause of action. *Id.* Government Defendants argue that the "South Carolina Department of Judicial Review" does not exist as an entity. *Id.* However, to the extent Plaintiff's assertions are related to the South Carolina Judicial Department's Commission on Judicial Conduct, Plaintiff has failed to state an allegation of specific wrongdoing. *Id.*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal citations omitted). In order for Plaintiff's Complaint to survive Defendants' Motion to Dismiss, Plaintiff does not need to plead detailed factual allegations in his Complaint. *See id.* However, the United States Supreme Court has held that a plaintiff's grounds for relief require more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (noting that, on a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual

allegation."). Plaintiff's Complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible. *See Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 570. This court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.,* 637 F.3d at 440.

The undersigned finds that Plaintiff's Complaint fails to contain sufficient facts to comply with Rule 8. *Twombly*, 550 U.S. at 555 (finding the purpose behind Rule 8 is to give the defendant fair notice of the claim and the grounds upon which it rests and a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). Plaintiff has named the SCEC as a Defendant in this action but his only allegations related to elections concern the MCEC. Therefore, Plaintiff has failed to allege wrongdoing by a named party in this action. Similarly, Plaintiff has named the South Carolina Department of Judicial Review as a party, and as Government Defendants argue, such an entity does not exist. Nevertheless, broad allegations regarding buying votes in an election, without specifically indicating the facts surrounding the alleged vote buying, are not sufficient to create any cognizable cause of action. Therefore, the undersigned recommends granting Government Defendants' Motion to Dismiss for failure to state a claim against the SCRBC, SCEC, and the South Carolina Department of Judicial Review.

3. Subject Matter Jurisdiction[3]

Government Defendants also argue that Plaintiff's claims against Marion County or Marion County Sheriff Mark Richardson should be dismissed for lack of subject matter

---

[3] In a footnote, Government Defendants maintain: "Although not set forth as a specific allegation, it may likely be that Plaintiff is asserting a Title VII discrimination claim of some nature." ECF No. 50-1 at 6, n.1. As the undersigned indicated, Plaintiff did not allege a Title VII discrimination claim in the face of his Complaint. Therefore, rather than address Government Defendants' subject matter jurisdiction argument, the court could dismiss Plaintiff's purported discrimination claim for failure to comply with pleading requirements and Rule 8.

jurisdiction and for failure to state a claim upon which relief can be granted. ECF No. 50-1 at 6.

Specifically, Government Defendants maintain that to the extent Plaintiff is bringing a Title VII

action against an employer in federal court, this cause of action must fail as it pertains to Marion

County because Plaintiff never filed a charge against it with the Equal Employment Opportunity

Commission ("EEOC"). *Id.* Alternatively, Government Defendants argue that Plaintiff's

purported employment claim is barred by the statute of limitations contained in 42 U.S.C.

§2000e-5 because it was filed more than 300 days after the alleged unlawful practice occurred.[4]

*Id.* at 7.

Before commencing a Title VII action in federal district court, a plaintiff must first

exhaust his administrative remedies by timely filing a charge of discrimination with the EEOC.

*Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *see* 42 U.S.C. § 2000e–5(f)(1)

(2006). A plaintiff's failure to file such a charge and exhaust his administrative remedies

deprives federal courts of subject matter jurisdiction over his Title VII claim. *Jones,* 551 F.3d at

300. Among other requirements, this charge "must be in writing and verified under oath or

affirmation under penalty of perjury." *Id.; see also* 42 U.S.C. § 2000e–5(b) (2006) ("Charges

shall be in writing under oath or affirmation. . . ."); 29 C.F.R. § 1601.9 ("A charge shall be in

---

[4] Government Defendants argue that Plaintiff's purported employment claim—for denial of hire in 2010 and 2012—is barred by the statute of limitations. It appears that Plaintiff was not in an employment relationship with any Defendant when he was allegedly discriminated against in the hiring process. In any event, to the extent the statute of limitations argument should be addressed on the merits, it is unclear on the face of Plaintiff's Complaint whether Plaintiff's purported employment discrimination charge or federal Complaint is untimely or barred by the statute of limitations. There is one charge of discrimination in the pleadings against the City of Marion. *See* ECF No. 1-11 at 10. There, Plaintiff alleges that in November and December of 2012 he submitted applications but was denied hire. *Id.* However, the charge is not dated or signed. *See id.* Plaintiff filed the EEOC intake questionnaire on February 4, 2013. ECF No. 1-11 at 3-4. Clearly, the intake questionnaire was filed within 300 days after the alleged discrimination occurred which is in compliance with 42 U.S.C. § 2000e-5. Therefore, the undersigned declines to recommend dismissal based on Government Defendants' argument that Plaintiff's *Complaint* is untimely because it was not filed within 300 days of the discriminatory action.

writing and signed and shall be verified."). The regulations promulgated by the EEOC regarding Title VII clearly state that "the term verified shall mean sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3. The Fourth Circuit has explicitly held that failing to file a verified charge "is fatal to an action seeking relief under Title VII." *Balazs v. Liebenthal,* 32 F.3d 151, 156 (4th Cir. 1994); *see also Poteat v. Mack Trucks Inc.,* No. 96–1437, 1997 WL 33117, at *3 (4th Cir. Jan. 28, 1997) (per curiam) (unpublished) ("Moreover, the verification requirement is strictly enforced.").

In the present case, Plaintiff filed EEOC charges against the City of Marion Police Department, ECF No. 1-11 at 2, or the City of Marion, ECF No. 1-11 at 10, and not against any of the Government Defendants. Therefore, Plaintiff did not exhaust his administrative remedies. Accordingly, to the extent Plaintiff raised a cognizable Title VII employment discrimination claim, the undersigned recommends dismissing the claim against Government Defendants for lack of subject matter jurisdiction.

4.   Motion for a More Definite Statement

As an alternative to their Motion to Dismiss, Government Defendants move pursuant to Rule 12(e) for a more definite statement to which a responsive pleading is allowed. ECF No. 50-1 at 8. Should the court disagree with the undersigned's above recommendations, the undersigned recommends granting Government Defendants Motion.

Rule 12(e) of the Federal Rules of Civil Procedure provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details

> desired. If the court orders a more definite statement and the order is not obeyed
> within 14 days after notice of the order or within the time the court sets, the court
> may strike the pleading or issue any other appropriate order.

The undersigned recognizes that motions for more definite statements are not favored. *See e.g.,*

*Khair v. Countrywide Home Loans, Inc.*, No. 1:10-CV-410-JCC, 2010 WL 2486430, at *2 (E.D.

Va. June 14, 2010). However, Plaintiff's Complaint lacks clarity and states many conclusions

such that all Defendants cannot effectively respond to the Complaint. Therefore, the undersigned

recommends granting Government Defendants' Motion for a More Definite Statement should the

court find that Plaintiff's Complaint survives the Motions to Dismiss.

### B. Defendant SCRBC's Motion to Dismiss

In a separate Motion, Defendant SCRBC argues that Plaintiff's Complaint fails to meet

the pleading requirements of Federal Rule 8 because "Plaintiff must do more than merely state

that the law has been violated [and] must plead sufficient facts to show that he has a plausible

claim for relief." ECF No. 58 at 3.

The undersigned has already recommended dismissing Defendant SCRBC along with the

Government Defendants above. The undersigned agrees that Plaintiff's Complaint against

Defendant SCRBC should be dismissed for failure to comply with Rule 8. As argued, SCRBC is

not mentioned by name once in Plaintiff's Complaint. Rather, Plaintiff makes broad and general

allegations. Accordingly, the undersigned specifically recommends that Defendant SCRBC's

Motion to Dismiss, ECF No. 58, be granted for Plaintiff's failure to comply with Rule 8.

### C. Defendant Gray and City of Marion's Motion to Dismiss

Defendant Gray and Defendant the City of Marion move for dismissal pursuant to Rule 12 (b). ECF No. 83.[5] The undersigned will address each argument in turn.

1.  Service (Arguments I and II)

Defendant Gray and the City of Marion argue that Plaintiff failed to properly serve any Defendant because Rule 4 of the Federal Rules of Civil Procedure requires service by a non-party. ECF No. 83-1 at 2. Additionally, these Defendants maintain that Plaintiff did not affect proper service on Defendant Gray. *Id.*

Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added). "The plaintiff may not serve the defendant." *Deo v. N. Carolina Dep't of Env't & Natural Res.*, No. 5:13-CV-323-D, 2014 WL 3738448, at *1 (E.D.N.C. July 29, 2014). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998). The plaintiff bears the burden of proving proper service. *See Johnson v. BAC Home Loans Servicing, LP,* 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); *O'Meara v. Waters,* 464 F. Supp. 2d 474, 476 (D.Md. 2006). Plaintiff's return receipt cards indicate that Plaintiff, and not a third party to this action, served the Summons and Complaint. *See* ECF Nos. 40-48. Therefore, Plaintiff did not properly serve any Defendant. Accordingly, the court could dismiss Plaintiff's action without prejudice for failure to properly serve Defendants within 120 days after his Complaint was filed pursuant to Rule 4(m).

Rule 4(e) governs service on an individual. Pursuant to Rule 4(e)(1), service is effected on an individual by "following state law for serving a summons in an action brought in courts of

---

[5] After filing their Motion to Dismiss, ECF No. 54, Defendants Gray and City of Marion filed an amended Motion to Dismiss, ECF No. 83, containing nearly identical arguments except adding an additional defense related to service of process. The undersigned will address the most recently filed Motion to Dismiss here.

general jurisdiction in the state where the district court is located or where service is made." Alternatively, Rule 4(e)(2) indicates that service is effected on an individual by:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Defendants Gray and the City of Marion argue that Plaintiff attempted service on Defendant Gray pursuant to Rule 4(e)(1), or under South Carolina state law which permits service "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C.R.Civ. P. 4(d)(8). ECF No. 83-1 at 2. Defendants argue that Plaintiff failed to comply with Rule 4(d)(8) because Plaintiff delivered the Summons and Complaint to a Post Office Box, the mailing was not addressed to Defendant Gray, it was not registered or certified, and it was not "delivery restricted." *Id.*

The undersigned finds that Plaintiff did not properly serve Defendant Gray pursuant to Rule 4(d)(8) of the South Carolina Rules of Civil Procedure for all reasons articulated by these Defendants. *See e.g., Jacobson v. Sternberg*, 408 S.E.2d 245, 247 (S.C. 1991) ("[S]ervice under the provisions of the rule would be defective where, as here, delivery was not restricted to the addressee."). Accordingly, the undersigned recommends dismissing Defendant Gray from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2. Whistleblower Cause of Action

Defendant Gray and Defendant City of Marion argue that Plaintiff's purported whistleblower cause of action should be dismissed. ECF No. 83-1 at 3. Alternatively, these Defendants argue that Plaintiff's claim is barred by the one-year statute of limitations. *Id.*

To the extent Plaintiff alleges a wrongful discharge based on his whistleblowing, Defendants assert he is limited to his remedy under the South Carolina Whistleblower Act. *Dockins v. Ingles Markets, Inc.,* 413 S.E.2d 18, 19 (S.C. 1992). The South Carolina Whistleblower Act allows a former state employee to sue its former public employer if the plaintiff was terminated from employment for reporting wrongdoing. Section 8-27-20 (A) of the South Carolina Code provides:

> No public body may dismiss, suspend from employment, demote, or decrease the compensation of an employee of a public body because the employee files a report with an appropriate authority of wrongdoing. If the appropriate authority determines the employee's report is unfounded, or amounts to a mere technical violation, and is not made in good faith, the public body may take disciplinary action including termination. Any public body covered by this chapter may impose disciplinary sanctions, in accordance with its internal disciplinary procedures, against any of its direct line supervisory employees who retaliate against another employee for having filed a good faith report under this chapter.

The applicable statute of limitation for a whistleblower cause of action is one year. S.C. Code Ann. § 8-27-30 (B) ("An action under this chapter must be commenced within one year after the accrual of the cause of action or exhaustion of all available grievance or other administrative and judicial remedies or is forever barred.").

Here, Plaintiff was employed with the City of Marion until 2006. ECF No. 1-11 at 6. Plaintiff alleges to have been involved in whistleblowing in instances that occurred after his employment with the City of Marion. The Whistleblower Act does not provide Plaintiff with a remedy for these alleged actions. To the extent Plaintiff is making a claim for wrongdoing that allegedly occurred during his employment, these claims are barred by the one-year statute of limitations. Moreover, as Defendant Gray and the City of Marion argue, Plaintiff has not alleged that he meets any prerequisites for filing such a cause of action, including exhaustion. Therefore, the undersigned recommends dismissing any purported whistleblower cause of action because

the Whistleblower Act only provides protection for retaliatory conduct against current government employees and because the applicable statute of limitations bars the cause of action.

3.  Defamation

Defendants Gray and the City of Marion argue that to the extent Plaintiff raised a cause of action for defamation, it fails. ECF No. 83-1 at 3. Specifically, these Defendants maintain that the report which Plaintiff alleges was submitted by Defendant Gray to the South Carolina Criminal Justice Academy cannot be a basis for a defamation claim. *Id.* at 3-4. Alternatively, these Defendants argue that Plaintiff's cause of action is barred by the applicable statute of limitations. *Id.* at 4.

> Section 23-23-90 of the South Carolina Code provides:
>
> An oral or written report, document, statement, or other communication that is written, made, or delivered concerning the requirements or administration of this chapter or regulations promulgated pursuant to it must not be the subject of or basis for an action at law or in equity in any court of the State if the communication is between:
> (1) law enforcement agencies, their agents, employees, or representatives; or
> (2) law enforcement agencies, their agents, employees, or representatives and the academy or the council.

Additionally, pursuant to section 15-3-550(1), defamation actions must be brought within two years after the cause of action accrued.

Plaintiff appears to allege that Defendant Gray, in submitting a report on Plaintiff's termination from the Marion County Police Department, ECF No. 1-8, defamed Plaintiff by indicating that he was fired over criminal child abuse charges. ECF No. 1-2 at 3. In the attachment, Plaintiff alleges that the report at issue was later changed to indicate that Plaintiff was simply terminated because the conduct was off duty. Plaintiff cannot rely on these reports or letters under section 23-23-90 because they were exchanged between law enforcement agencies. Therefore, the letter or document at issue cannot be a basis for a defamation cause of action.

17

Furthermore, though the timeline of Plaintiff's allegations is not entirely clear, nor are Plaintiff's alleged injuries, it appears to the court that Plaintiff's cause of action is barred by the two-year statute of limitations for defamation. Plaintiff was terminated in 2006, and Plaintiff fails to allege he suffered a specific injury as a result of the alleged defamation within two years of filing this lawsuit.  Accordingly, to the extent Plaintiff alleged a cause of action for defamation, the undersigned recommends dismissing it.

4.   Causes of Action for Discriminatory Termination

Defendants Gray and the City of Marion argue that any claim related to Plaintiff's 2006 termination from the City of Marion is barred by the applicable statute of limitations. ECF No. 83-1 at 4. To the extent Plaintiff attempts to raise a Title VII claim, a claim for retaliation related to workers' compensation or a violation under the Americans with Disabilities Act ("ADA") or the Family Medical Leave Act ("FMLA"), these claims are untimely. Title VII and the ADA require that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. Here, there is no evidence that Plaintiff filed a Title VII charge or an ADA charge of discrimination within 300 days of his termination in 2006 as required.

Section 41-1-80 of the South Carolina Code requires that a claim for retaliation for an employee filing a workers' compensation claim be filed within one year of the retaliation. Finally, a claim for FLMA violations must be filed within two years of the violation. *See* 29 U.S.C. § 2617(c)(1). Plaintiff was terminated from employment in 2006. Clearly, this lawsuit

falls outside the statutes of limitations for a workers' compensation retaliation claim or an FMLA claim. Therefore, to the extent Plaintiff attempts to raise claims for retaliation related to workers' compensation or a violation under the ADA or FMLA, the undersigned recommends dismissing these claims because they are barred by the applicable statutes of limitations.

    5.  Title VII cause of action

Defendants Gray and the City of Marion argue that to the extent Plaintiff filed a Title VII claim against the City of Marion, the cause of action fails as a matter of law. ECF No. 83-1 at 6. These Defendants maintain that Plaintiff alleges he engaged in protected conduct in 2010 and 2012; however, because Plaintiff was not an employee of the City of Marion between 2010 and 2012 Plaintiff is not covered under Title VII. *Id.* Furthermore, these Defendants argue that Plaintiff's allegations of discriminatory acts taken against other City of Marion employees also fail. *Id.*

Title VII protects current employees and former employees for actions taken during their employment. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 343 (1997). As previously mentioned, Plaintiff was employed with the City of Marion until 2006. ECF No. 1-11 at 6. As no employment relationship existed between Plaintiff and City of Marion between 2010 and 2012, Plaintiff's purported Title VII claim fails. Moreover, as these Defendants indicate, Plaintiff has failed to allege that he participated in any protected conduct. Rather than allege that he participated or aided an investigation related to discriminatory conduct directed at other employees, Plaintiff only alleges that discriminatory action took place against current employees after his employment relationship ended. Therefore, the undersigned recommends dismissing any purported Title VII cause of action because Plaintiff's allegations of discrimination are not protected under the Act.

IV.    Conclusion and Recommendation

Based on the foregoing, it is recommended that all Defendants' Motions to Dismiss, ECF Nos. 50, 54, 58, and 83 be granted and this case be dismissed.[6]

IT IS SO RECOMMENDED.

June 1, 2015                                    Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[6] In a previous R&R, the undersigned recommended denying Plaintiff's pending Motion for Entry of Default, ECF No. 67, filed on December 17, 2014. *See* ECF No. 77. There, the undersigned found that no Defendant filed an untimely responsive pleading based on Rule 12(b) of the Federal Rules of Civil Procedure. *Id.* The court has not yet ruled on that R&R.