UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Freddie McEachern, Jr., <br><br> Plaintiff, <br> vs. <br><br> James Gray Jr., City of Marion, SC Dept. of Social Service, SC Dept. of Education, SC Dept. of Judicial Review, SC Residential Builder Comm., SC Election Comm., Marion County, and Sheriff Mark Richardson, <br><br> Defendants. | Civil Action No.: 4:14-cv-1234-BHH <br><br> **Opinion and Order** |

This matter is before the Court upon the Report and Recommendation (ECF No. 91) ("Report") of Magistrate Judge Kaymani D. West recommending that the Court grant the defendants' motions to dismiss. For the reasons set forth below, the Court agrees with the Magistrate Judge and adopts the Report in full.[1]

## **BACKGROUND**

The plaintiff, Freddie McEachern, Jr., proceeding *pro se*, brought this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to Magistrate Judge West for pretrial handling. The details of the plaintiff's varied and outrageous

---

[1] In addition to the Report at issue in this Order, the Magistrate Judge also issued a Report and Recommendation (ECF No. 77) ("Default Report") recommending that the plaintiff's motion for default (ECF No. 67) be denied because the defendants filed appropriate responsive pleadings by the dates on which they were due. The plaintiff filed an objection to the Default Report, which the Court has carefully reviewed. After conducting a *de novo* review of the filings relevant to the motion for default judgment, the Court overrules the plaintiff's objection, and adopts the Default Report (ECF No. 77) in full.

1

claims are set forth in the Magistrate Judge's thorough Report, and the Court will not recite them all again here. Sufficed to say, the plaintiff seeks to recover for a wide range of alleged societal ills, including corruption in law enforcement, the mistreatment of African-American school children, and the improper denial of family leave or workers compensation benefits for employees of the City of Marion. He also appears to be asserting claims arising out of the loss of his job with City of Marion in 2006 and the City's refusal to hire him again in 2012. The defendants filed motions to dismiss (*see* ECF Nos. 50, 54, 58, and 83), and the Magistrate Judge has recommended that the motions be granted for a number of reasons, including the fact that the plaintiff (1) lacks standing because he has failed to allege an injury in fact, (2) fails to state sufficient facts under Rule 8, and (3) asserts of number of claims (e.g., whistle blower retaliation, employment discrimination, and defamation) for which the statutes of limitations have expired. The plaintiff filed objections (ECF No. 93) to the Report on June 17, 2015.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**Motion to Dismiss**

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and

conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. In considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009). Notably, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as well pled facts.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.P. 8(a)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Colon Health Centers of Am., LLC v. Hazel*, 733 F.3d 535, 545 (4th Cir. 2013) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

## **DISCUSSION**

The Court agrees with the Magistrate Judge that the plaintiff's complaint should be dismissed. The plaintiff filed objections, but after carefully reviewing them, the Court finds that they are non-specific and fail to direct the Court to any flaw in the Magistrate Judge's analysis. The objections merely rehash the plaintiff's factual allegations without addressing the deficiencies identified by the Magistrate Judge. As such, the objections are general and conclusory, and the Court finds no error in the Report.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the plaintiff's objections are without merit. Accordingly, the Court overrules the objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that the defendants' motions to dismiss (ECF Nos. 50, 54, 58, and 83) are hereby GRANTED, and the plaintiff's complaint is dismissed with prejudice. The motion for default judgment (ECF No. 67) is DENIED as set forth in footnote 1.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 27, 2015
Greenville, South Carolina

5